# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGELINA WARREN,**

    **Plaintiff,**

v.
                                                  **Case No: 6:18-cv-351-Orl-28KRS**

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

# ORDER

Defendant's Motion to Dismiss or in the Alternative For a Stay (Doc. 15) is before the Court. Plaintiff's response was due no later than October 19, 2018. (Local Rule 3.01(b)). Plaintiff has not responded to the Motion and the time to do so has passed. Thus, the Motion to Dismiss or in the Alternative For a Stay is unopposed. Because the Court agrees with Defendant that Plaintiff is required to submit her claim for benefits for her alleged injuries under the Federal Employees' Compensation Act ("FECA") before her suit under the Federal Tort Claims Act ("FTCA") can be considered, the Motion is due to be granted.

Plaintiff was a volunteer at the U.S. Department of Veterans Affairs ("VA") working at the medical center in Orlando, Florida on October 26, 2015. (Doc. 1, ¶ 5).[1] When she left work that day, she headed to her car. (*Id.*, ¶ 7). On the way to her car, she stepped in a hole in a grass area and injured her leg. (*Id.*). She reported the injury to her supervisor

---

[1] The facts set forth are as stated in the Complaint and accepted as true for purposes of considering Defendant's motion.

the next day. (*Id.*, ¶ 8). Plaintiff filed this action under the FTCA for the injuries she sustained after falling in the hole. (Doc. 1).

Defendant moves to dismiss this case under Fed. R. Civ. P. 12(b)(1) or alternatively to stay this case, asserting that Plaintiff is required to first submit her claim under FECA.[2] (Doc. 15, at 1-2). The liability of the United States for an injury to an employee is exclusive under FECA. 5 U.S.C. § 8116(c). Defendant acknowledges that it is not clear if Plaintiff is a volunteer or an employee under the provisions of FECA, but contends that because there is a possibility she could be determined to be an employee, Plaintiff must first present her claim under FECA.

Defendant correctly asserts that an injured employee may not bring an action against the United States under FTCA "when there is a substantial question as to whether or not the injury occurred in the performance of the employee's duty so as to bring it within the coverage of FECA." *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000)(internal quotations and citation omitted). And, "where a federal employee brings an action against the United States and there is a substantial question as to whether FECA provides the employee's exclusive remedy for the alleged injury," the district court must "hold the action in abeyance pending a coverage determination by the Secretary." *Id.*

The Secretary of Labor ("Secretary") has exclusive authority to resolve disputes regarding the scope of FECA coverage. 5 U.S.C. § 8145. The Employees' Compensation Appeals Board ("ECAB")[3] has addressed whether a volunteer is an employee:

---

[2] 5 U.S.C. §§ 8101-8193.

[3] The Secretary is authorized to administer FECA and has delegated responsibility for FECA management to the Director of the Office of Workers' Compensation Programs ("Director"). *Woodruff v. U.S. Dep't Of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 637 (11th Cir. 1992). The Director makes the final findings of facts and decides if the

> As defined by FECA, the term "employee" includes an individual rendering personal service to the United States similar to the service of a civil officer or employee of the United States, without pay or for nominal pay, when a statute authorizes the acceptance or use of the service, or authorizes payment of travel or other expenses of the individual. Determining whether an unpaid or nominally paid individual is an employee is a two-step process. Initially, the issue is whether the department or agency is authorized by statute to accept or use the service of the individual. The second step is to ascertain whether the services rendered were similar to the service of a U.S. civil officer or employee. When both questions are answered in the affirmative, an individual is a covered "employee" under FECA.

*E.G.*, Docket No. 13-2125 (issued July 25, 2014). *See also* 5 U.S.C. §8101(1)(B). Furthermore, the Department of Labor's Office of Worker's Compensation Programs issued an advisory opinion "concluding that 'there is a significant possibility of coverage under the FECA' in this case." Doc. 15 at 3.

Thus, the Court concludes that the Secretary could determine that Plaintiff's alleged injury is covered under FECA and if so, Plaintiff's exclusive remedy is under FECA and not the FTCA. Therefore, the Court grants Defendant's Motion to the extent that this case is stayed until a determination is made by the Secretary as to whether Plaintiff's claims fall under the FECA's exclusive coverage.

Defendant's Motion (Doc. 15) is **GRANTED**. This case is stayed pending a determination of Plaintiff's claim under FECA. Plaintiff shall submit her claim to the

---

employee is entitled to compensation under FECA. *Id.*; 5 U.S.C. §8124(a). The Director's decision can be appealed to the ECAB. *Id.*; 5 U.S.C. § 8149. The ECAB issues final decisions on appeals relating to coverage under FECA. *Id.*

Secretary within sixty days from the date of this Order. Plaintiff shall also provide periodic reports of the status of her FECA claim to this Court beginning on April 1, 2019 and every four months thereafter until further order of the Court. The Clerk is directed to administratively close this file.

**DONE** and **ORDERED** in Orlando, Florida, on October 31st, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties